Opal ANDERSON; Jack Davis; Sherry Ewalt; Doris Francisco; Estate of David E. Rickerts; Shirley Rickerts, Plaintiffs–Appellants,

v.

Michael WILLDEN; * Kenny Guinn; Brian Krolicki, Defendants–Appellees.

No. 01–15986.

United States Court of Appeals, Ninth Circuit.

Submission Deferred July 10, 2002.

Resubmitted Dec. 10, 2002.**

Filed Dec. 18, 2002.

---

** The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

* Michael Willden is substituted for his predecessor, Charlotte Crawford, as Director of the Department of Human Resources. Fed. R.App. P. 43(c)(2).

Henry W. Cavallera, Reno, NV, for the plaintiffs-appellants.

John Albrecht, Chief Tobacco Counsel, Office of the Attorney General, Reno, NV, for the defendants-appellees.

Before: CANBY and RYMER, Circuit Judges, and BERTELSMAN,*** District Judge.

PER CURIAM:

This is an action brought by Nevada residents who allegedly suffered smoking-related illnesses for which they received state-administered medical care under the Medicaid program. They seek certain benefits from Nevada or its officials arising out of the multi-state tobacco settlement reached between major tobacco companies and 46 States.

The plaintiffs' claim is indistinguishable from that brought by similar Hawai'i plaintiffs in *Cardenas v. Anzai*, 311 F.3d 929 (9th Cir.2002), and *Cardenas* forecloses their claims. Among other things, *Cardenas* held that the plaintiffs' claims of entitlement to any part of the settlement funds were wholly barred by 42 U.S.C. § 1396b(d)(3)(B)(ii), which authorized the settling States to "use amounts recovered or paid to the State as part of a comprehensive or individual settlement ... for any expenditures determined appropriate by the State." *Cardenas*, 311 F.3d at 939.

Only one claim advanced by the plaintiffs here arguably differs from those put forth in *Cardenas*. The plaintiffs here contend that they are entitled to notice and an accounting when Nevada attempts to recoup Medicaid payments from the estates of plaintiffs by imposing and enforcing liens on their property. *See* 42 U.S.C. § 1396p(b). The plaintiffs argue that Nevada should notify them of the amount of "overages" collected in the tobacco settlement, and an accounting of the amount of settlement recovery Nevada received for the medical care of the plaintiffs from whom recoupment is sought.[1]

This claim, however, is also foreclosed by *Cardenas*. It presumes that some part of the tobacco settlement must be allocated by Nevada to the accounts of the plaintiffs, either as a collected "overage" in excess of the cost of medical care furnished them, or as a setoff against the debt otherwise owed by the plaintiffs' estates to Nevada for medical care furnished. *Cardenas* holds, however, that § 1396b(d)(3)(B)(ii) precludes plaintiffs from establishing any

---

*** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. As the Seventh Circuit noted, the administrative problems in assessing what, if any, part of the tobacco settlement was paid for particular individuals' medical care "would be nightmarish," because no attempt was made to relate the settlement funds (the ultimate extent of which is uncertain) to particular costs of care supplied. *Floyd v. Thompson*, 227 F.3d 1029, 1038 (7th Cir.2000).

claim for their own accounts arising from the tobacco settlement.

The judgment of the district court dismissing the plaintiffs' action is

**AFFIRMED.**